JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-716 PA (JWJx) | Date | August 10, 2009 |
|---|---|---|---|
| Title | Lourdes Bonilla v. John Potter | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

On June 25, 2009, the Court issued an order to show cause why this aciton should not be dismissed for lack of prosecution. Plaintiff was ordered to respond to the order to show cause by July 9, 2009. To date, Plaintiff has not filed a response to the order to show cause.

Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 — that defendant "may" move for dismissal — does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-716 PA (JWJx) | Date | August 10, 2009 |
|---|---|---|---|
| Title | Lourdes Bonilla v. John Potter | | |

dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.

The third Henderson factor at least marginally favors dismissal.  Defendant may be further prejudiced unless the complaint is dismissed.  See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff, despite being notified of the requirements of Federal Rule of Civil Procedure 4(m) and being warned about the consequences of failing to file an Amended Complaint, has failed to file a response to the order to show cause.  It therefore appears that Plaintiff has abandoned her efforts to obtain a judgment on the merits.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action.  The Court therefore dismisses this action without prejudice for lack of prosecution.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.